# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
##### EL PASO DIVISION

UNITED STATES OF AMERICA

      v.

                                            Case Number: 3:14-CR-02186-KC(1)

                                            USM Number: 44785-380

ROBERTO CEBALLOS, JR.

    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, ROBERTO CEBALLOS, JR.**,** was represented by Selena N. Solis**.**

On motion by the United States, the Court has dismissed Count (s) One of the Indictment.

The defendant pled guilty to Count(s) Two of the Indictment on May 7, 2015.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:2252A - Possession Of Material Depicting The Sexual Exploitation Of Children | 10/29/2014 | Two |

As pronounced on October 8, 2015, the defendant is sentenced as provided in pages 2 through 7 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

SIGNED this 13th day of October, 2015.

_Kathleen Cardone_
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

AO 245B (Rev. TXW 9/15) Judgment in a Criminal Case

DEFENDANT:           ROBERTO CEBALLOS, JR.
CASE NUMBER:         3:14-CR-02186-KC(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months as to count 2.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F.S.L., La Tuna, Texas, or in the alternative F.P.C., La Tuna, Texas.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

United States Marshal

By

Deputy Marshal

AO 245B (Rev. TXW 9/15) Judgment in a Criminal Case

DEFENDANT:           ROBERTO CEBALLOS, JR.
CASE NUMBER:         3:14-CR-02186-KC(1)

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ten (10) years.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the additional conditions on the attached page that have been adopted by this Court.

**<u>Mandatory Conditions:</u>**

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and a t least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be meliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6) The defendant shall cooperate in the collection of DNA as directed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

☒ If convicted of a sexual offense and required to register under the Sex Offender and Registration Act, that the defendant comply with the requirements of the Act.

☐ If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

☒ If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**<u>Standard Conditions:</u>**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family obligations, and shall comply with the terms of any court order or order of an administrative process requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living.

5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT:              ROBERTO CEBALLOS, JR.
CASE NUMBER:            3:14-CR-02186-KC(1)

10)     The defendant shall permit a probation officer to visit him or her at any time, at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer.

11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications, and to confirm the defendant's compliance with such notification requirement.

14)     If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

15)     If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16)     If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

AO 245B (Rev. TXW 9/15) Judgment in a Criminal Case

DEFENDANT:          ROBERTO CEBALLOS, JR.
CASE NUMBER:        3:14-CR-02186-KC(1)

### ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

__X__      Due to the length of the sentence, it is further ordered that, within 30 days of release from BOP and the commencement of the term of SR, defendant SHALL appear before this Court for a review of these terms and conditions of supervision.

__X__      The defendant shall submit to psychosexual assessment as directed by the probation officer.

__X__      As further explained below, the defendant shall submit to polygraph testing as directed by the probation officer for the SOLE purpose of facilitating sex offender treatment.  The defendant shall be truthful during polygraph evaluations.

__X__      The defendant shall attend and participate in a sex offender treatment program operated by a Licensed Sex Offender Treatment Provider (LSOTP) and/or other sex offender treatment program approved by the probation officer.  Once the sex offender treatment program has been approved by the probation officer, it will be forwarded to the Court for review.  The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph examinations, to determine if the defendant is in compliance with the conditions of release.  In this regard, the Defendant shall waive all rights to confidentiality regarding sex offender mental health treatment between the Licensed Treatment Provider and the U.S. Probation Officer to allow for open communication between the probation officer and the treatment providers.  HOWEVER, the Defendant will not be required by this Court to waive any other confidentiality rights.  The defendant may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.  Specifically, the Defendant will NOT be bound by any provisions contained in the  "Consumer Information Contract" which do not comply with this provision for payment.

__X__      The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and approved by the U.S. Probation Officer (as approved by this Court), and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision.

__X__      The defendant shall not associate with any child or children under the age of 18 except in the presence and supervision of an adult specifically designated in writing by the probation officer.  The probation officer will notify the designated adult of risks occasioned by the defendant's criminal record or personal history of characteristics.  The defendant shall permit the probation officer to make such notifications.  In addition, the defendant shall not frequent or remain about any place where children under the age of 18 normally congregate (such as public parks, playgrounds), or any business that caters to and/or targets child customers.

__X__      All residence and employment of the defendant shall be approved by the probation officer.  The defendant shall not participate in any volunteer activities requiring unsupervised contact with children under the age of 18 without the approval of the probation officer.

__X__      The defendant shall not associate with anyone, under any circumstance that he knows to be a sex offender, or someone who condones and/or supports the sexual exploitation of children under the age of 18 years of age, except while participating in sex offender mental health treatment as approved by the probation officer.

__X__      The defendant shall not possess any printed photographs, paintings, recorded material or electronically produced material that he may use for the purpose of deviant sexual arousal nor shall he visit, frequent or remain about an place where such material is available to him for the purpose of deviant sexual arousal.

__X__      The defendant shall not use any computer at any location (whether or not at his place of employment, residence, or elsewhere) without the prior written permission of his probation officer.  The defendant shall not possess or use a phone or any other electronic device that allows access to the internet without the prior written permission of the probation officer.

__X__      The defendant shall not possess or use any data encryption technique or program designed to conceal material that is illegal or prohibited by the probation officer.

__X__      The defendant shall submit his person, and any property, house, residence vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

AO 245B (Rev. TXW 9/15) Judgment in a Criminal Case

DEFENDANT:             ROBERTO CEBALLOS, JR.
CASE NUMBER:           3:14-CR-02186-KC(1)


  X      The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer.   The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

AO 245B (Rev. TXW 9/15) Judgment in a Criminal Case

DEFENDANT:                ROBERTO CEBALLOS, JR.
CASE NUMBER:              3:14-CR-02186-KC(1)

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

      The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court,  525 Magoffin Avenue, Room 105, El Paso, Texas 79901.

      The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTAL: | $100.00        | $500.00  | $.00            |

### Special Assessment

      It is ordered that the defendant shall pay to the United States a special assessment of $100.00.

### Fine

      The defendant shall pay a fine of $500.00.   Payment of this sum shall begin immediately.

      If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

      If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

      The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

      Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

      Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXW 9/15) Judgment in a Criminal Case

Judgment -- Page 8 of 8

DEFENDANT:           ROBERTO CEBALLOS, JR.
CASE NUMBER:         3:14-CR-02186-KC(1)

## **FORFEITURE**

     The defendant is ordered to forfeit the following property to the United States:

1.  Toshiba Laptop, serial number not visible, containing one 500 gb Hitachi hard drive, serial number 091226PB4400Q7CXREML
2.  Any and all other property containing material involving the sexual exploitation of children.